<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PERRY J. DIPIAZZA, and KATHRYN DIPIAZZA,<br><br>Defendants. | Civil Action No. 16-518 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

<u>SHIPP, District Judge</u>

This matter comes before the Court upon Plaintiff United States of America's ("Plaintiff") Motion for Default Judgment against Perry J. DiPiazza ("P. DiPiazza") and Kathryn DiPiazza ("K. DiPiazza") (collectively, "Defendants"). (ECF No. 6.) Defendants have not opposed the motion. The Court has jurisdiction pursuant to 26 U.S.C. § 7403 and 28 U.S.C. § 1331. The Court has carefully considered Plaintiff's motion and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion is granted in part and denied in part without prejudice.

### I.     Background

Plaintiff initiated this action to reduce to judgment certain tax liabilities owed by Defendants. Specifically, Plaintiff has assessed $887,538.02 in unpaid individual tax liabilities against P. DiPiazza. (Pl.'s Moving Br. 1.) In addition, Plaintiff has assessed $177,759.92 in unpaid joint tax liabilities against Defendants. (*Id.*) The liabilities include statutory additions accrued through January 18, 2016, the date Plaintiff filed its Complaint (the "accrual date"). (*Id.*)

Plaintiff served Defendants with process on February 3, 2016. (ECF Nos. 3, 4.) Defendants have not pled or otherwise defended themselves. On March 31, 2016, Plaintiff requested, and the Clerk of Court entered, a Clerk's entry of default against Defendants for failure to appear pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 5.) Plaintiff subsequently filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure Rule 55(b). (ECF No. 6.)

## II.    Legal Standard

Federal Rule of Civil Procedure 55(b) allows a party to move the Court for an entry of default judgment. The moving party is not entitled to a default judgment, but rather a default judgment determination "is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Courts must accept as true all well-pleaded factual allegations in the complaint, except those related to the amount of damages. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). In addition, the complaint upon which default judgment is sought must contain "the essential elements of the pleaded claims . . . and state[] factual allegations in support of these elements." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008).

## III.    Analysis

### A.    Legitimate Cause of Action

Prior to entering a default judgment, the Court must determine whether "the unchallenged facts constitute a legitimate cause of action." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (quoting *DIRECTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). An "assessment" is a determination by the Federal Government "that a taxpayer

2

owes [it] a certain amount of unpaid taxes." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Significantly, tax assessments are "presumed valid and establish a *prima facie* case of liability against a taxpayer." *Freck v. I.R.S.*, 37 F.3d 986, 991 n.8 (3d Cir. 1994). Accordingly, the Court finds that the unchallenged facts in the present case constitute a legitimate cause of action.

## B.      Whether Plaintiff is Entitled to a Default Judgment

The Court considers the following three factors to determine whether it should grant a default judgment: "(1) prejudice to the plaintiff if default is denied[;] (2) whether the defendant appears to have a litigable defense[;] and (3) whether the defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). The Court will examine each in turn.

As to the first factor, "[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate his or her claims." *United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016). Here, Defendants have not pled or otherwise defended themselves in any manner. Further, Defendants were served with process on February 3, 2016, and have had ample time to respond to Plaintiff's Complaint. Denial of default judgment will prejudice Plaintiff because it would be faced with an indefinite delay and no other means to vindicate its claims. Accordingly, the first factor weighs in favor of Plaintiff.

With respect to the second factor, the Court considers a defense meritorious when "allegations of [the] defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Here,

3

Defendants have not filed an answer, and the Court is not aware of a potential defense that would constitute a complete defense to this action.[1]  The Court, therefore, finds that the second default judgment factor weighs in favor of Plaintiff.

As to the final factor, in the context of a default judgment, "culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)).  Here, Defendants failed to respond for a substantial period of time after service of process.  While this may not necessarily reflect bad faith, at the very least it reflects willful conduct.  As such, the third default judgment factor also weighs in favor of Plaintiff.

### C.    Damages

If the damages Plaintiff alleged in the Complaint are not "for a sum certain or a sum that can be made certain by computation,'" the "[C]ourt may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b); *see also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Plaintiff alleges tax assessments against P. DiPiazza, individually, for tax years 2002-03 and 2009-14, as set forth below:

| Tax Year | Assessment Date | Assessment | Outstanding Balance (through 1/18/16) |
|----------|-----------------|------------|----------------------------------------|
| 2002 | 08/08/2003 | $82,179.36 | $140,158.03 |
| 2003 | 04/12/2004 | $40,833.00 | $81,748.58 |

---

[1] The Court, however, has identified a potential statute of limitations defense with respect to two tax years, as addressed in III.C *infra*.

| 2009 | 02/06/2012 | $163,731.23 | $121,201.53 |
|------|-----------|-------------|-------------|
| 2010 | 02/06/2012 | $133,663.84 | $128,256.82 |
| 2011 | 09/23/2013 | $126,009.65 | $149,664.59 |
| 2012 | 09/16/2013 | $80,882.01 | $99,353.06 |
| 2013 | 07/07/2014 | $144,713.69 | $161,711.49 |
| 2014 | 06/08/2015 | $132,085.10 | $5,443.92 |
|  |  | **Total** | **$887,538.02** |

(Compl. ¶ 6, ECF No. 1.)  Plaintiff also alleges a joint tax assessment against Defendants, as set forth below.[2]

| Tax Year | Assessment Date | Assessment | Outstanding Balance (through 1/18/16) |
|----------|-----------------|------------|---------------------------------------|
| 2008 | 08/23/2010 | $208,395.85 | $177,759.92 |

(Compl. ¶ 10.)  Tax transcripts from the Internal Revenue Service ("IRS"), (Pl.'s Mot. for Default J. Ex. 2, ECF No. 6-3), and IRS Revenue Officer Michael MacGillivray's declaration, (Pl.'s Mot. for Default J. Ex. 1, ECF No. 6-2), support the alleged tax assessments.  In addition, Plaintiff's supplemental Declaration supports its entitlement to relief.[3]

_____

[2] Plaintiff does not allege tax assessments against Defendants for tax years 2004-07.

[3] On November 4, 2016, the Court entered an order requiring Plaintiff to address certain items of concern that the Court had upon its initial review of its motion papers. (Nov. 4 Order, ECF No. 7.)  The Court requested Plaintiff to explain: (1) tax transcript entries that stated "[b]ankruptcy or other legal action filed" that included a "520" transaction code; (2) Tax Court proceeding captioned *Perry J. DiPiazza v. Commissioner of Internal Revenue*, Docket No. 20005-15; and (3) Tax Court proceeding captioned *Perry J. DiPiazza v. Commissioner of Internal Revenue*, Docket No. 001632-15. (Nov. 4 Order 1.)  The Court also required Plaintiff to perform an independent search for legal or bankruptcy proceedings that pertain to the time frame and/or amount of taxes Plaintiff seeks to reduce to judgment and to set forth the results of the independent search. (*Id.* at 2.) Plaintiff

A tax imposed by the Internal Revenue Code may be collected through a proceeding in court commenced "within [ten] years after the assessment of the tax." 26 U.S.C. § 6502(a)(1). Based on the facts pleaded in the Complaint and the evidence submitted in support of the default judgment motion, Plaintiff has demonstrated its entitlement to reduce to judgment tax liabilities assessed between August 2010 and June 2015, which represent tax years 2008 through 2014. Plaintiff, however, has not demonstrated its entitlement to reduce to judgment tax liabilities assessed in August 2003 and April 2004 for tax years 2002 and 2003. *See id.* Plaintiff filed the Complaint after the ten-year statute of limitations period expired, and Plaintiff's motion papers do not set forth a basis or contain legal arguments as to why the statute of limitations should be tolled.[4] As such, the outstanding balance as against P. DiPiazza is adjusted to $665,631.41, and the outstanding joint balance against Defendants shall remain $177,759.92.

---

filed a response on November 9, 2016. (Pl.'s Nov. 9, 2016 Resp., ECF No. 8.) Plaintiff's response provided that: (1) the entries titled "[b]ankruptcy or other legal action filed" with a "520" transaction code for 2002, 2003, 2008-12, and 2014 "represent the IRS's referral of this matter to the Department of Justice to file the [C]omplaint" in the present case and "do not refer to some other bankruptcy or legal action"; (2) the remaining entry titled "[b]ankrupty or other legal action filed" with a "520" transaction code represents the Tax Court case captioned *Perry J. DiPiazza v. Commissioner of Internal Revenue*, Docket No. 20005-15; (3) the Tax Court proceedings identified by the Court relate to "additional tax liabilities for 2012 and 2013, and do not relate to the 2012 and 2013 tax liabilities in the [C]omplaint"; and (4) an independent search did not reveal any cases in addition to those identified by the Court. (*Id.*)

[4] The Court recognizes that the statutory period for collection may be extended under limited circumstances. *See* 26 U.S.C § 6502(a)(2). Nevertheless, the Court is not required to construct legal arguments for the parties. *See Evan Law Grp. LLC v. Taylor*, No. 09-4896, 2010 WL 5135904, at *6 (N.D. Ill. Dec. 9, 2010). The Court, therefore, will permit Plaintiff to file a supplemental brief and declaration that demonstrate Plaintiff's entitlement to reduce the 2003 and 2004 tax assessments to judgment.

## IV.    Conclusion

For the reasons set forth above, the Court grants Plaintiff's Motion for Default Judgment with respect to tax years 2008 through 2014.  The Court reduces to judgment tax liabilities against P. DiPiazza in the amount of $665,631.41 and against Defendants in the amount of $177,759.92.[5] The Court denies without prejudice Plaintiff's Motion for Default Judgment with respect to tax years 2002 and 2003.  An order consistent with this Memorandum Opinion will be entered.


s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** November 30, 2016

---

[5] As the damages alleged are as of January 18, 2016, Plaintiff may submit for consideration an updated declaration and account transcripts reflecting statutory additions that accrued after January 18, 2016.